**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Tirik Jaquan Johnson-Epps, Appellant.

Appellate Case No. 2023-000179

―――――――――――

Appeal From Florence County
D. Craig Brown, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2025-UP-135
Submitted April 16, 2025 – Filed April 23, 2025

―――――――――――

**REVERSED AND REMANDED**

―――――――――――

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General William Joseph Maye, all of Columbia, and Solicitor Edgar L. Clements, III, of Florence, all for Respondent.

―――――――――――

**PER CURIAM:**  Tirik Jaquan Johnson-Epps appeals his convictions for murder and possession of a weapon during a violent crime and sentence of life imprisonment.  We reverse and remand pursuant to Rule 220(b), SCACR.

We hold the trial court erred by denying Johnson-Epps's request to individually poll the jurors because the denial of his right to an individual poll of each juror is reversible per se.  *See State v. Adams*, 409 S.C. 641, 647, 763 S.E.2d 341, 344 (2014) ("[An appellate] court reviews questions of law de novo."); *State v. Wright*, 439 S.C. 101, 102, 886 S.E.2d 206, 207 (2023) ("The denial of a defendant's request [that the jury be individually polled] is reversible per se.").  Because we reverse the trial court's finding regarding individual jury polling, we decline to address Johnson-Epps's remaining arguments.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address remaining issues when resolution of a different issue was dispositive).

**REVERSED AND REMANDED.**[1]

**KONDUROS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.